# IN THE COURT OF APPEALS OF IOWA

No. 20-1308
Filed November 3, 2021


**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**WAYNE MICHAEL POWELL,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Scott County, Mark D. Cleve and Thomas G. Reidel, Judges.


Wayne Powell appeals his convictions for third-degree burglary, third-degree theft, and possession of burglar's tools. **AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**BOWER, Chief Judge.**

Wayne Powell appeals his convictions for third-degree burglary, third-degree theft, and possession of burglar's tools, contending there is insufficient evidence he was the perpetrator. He also asserts the court abused its discretion in denying his motion for a new trial based on the weight of the evidence. Finding sufficient evidence to support the convictions and no abuse of discretion in the district court's denial of a new trial, we affirm.

At 5:51 a.m. on April 23, 2019, Davenport Police Officer Nathaniel Thomas was on patrol when he observed a man walking down the street carrying two weed eaters over his shoulder in the area of a nonprofit organization called One Eighty Zone.[1] The man was wearing dark jeans, a dark jacket with the hood up, a light-colored shirt beneath the jacket, and bright orange work gloves. Curious because of the early hour, Officer Thomas decided to follow up and informed other officers. He turned his vehicle around and again observed the man, who went north between two houses still carrying the weed eaters.

Officer Thomas parked his car and continued to look for the man and then spotted him peeking out from behind two vehicles. Officer Thomas went behind the houses in the location in which he first observed the man and saw the two weed eaters.[2] He then encountered Powell a couple of houses away in the alley. Powell was wearing dark jeans, an unzipped hooded jacket with the hood down, and a light colored shirt; he was carrying bright orange work gloves. Powell denied

---

[1] One Eighty is a "group home or rehabilitation place . . . located on the corner of 6th and Marquette." One Eighty consists of a "campus," including a building referred to as the "old schoolhouse" and the Achievement Center.

[2] The weed eaters were orange, the color of the Stihl brand.

taking any lawn equipment. He told Officer Thomas he was coming from a friend's house and pointed to the house next to the yard where Officer Thomas found the weed eaters. After investigating Powell's assertion, Officer Thomas ruled out that house as somewhere Powell had been.

Officer Thomas and Powell then went to the area of One Eighty, and Powell was detained in Officer Thomas's vehicle. Officer Thomas could see an enclosed trailer with lawn care advertising on it behind a fence. The trailer's back door was damaged. Officer Cory Hughes arrived and searched the One Eighty area, finding two Stihl leaf blowers outside the trailer's fenced area. Officer Hughes jumped the fence and went to the trailer. The door was halfway open, and Officer Hughes discovered the door had been forced open. He found a hammer nearby that he believed was used to pry open the trailer because scratches in the rust on the hammer "matched with the marks on the trailer." Inside the trailer was more Stihl lawn care equipment.

Officer Hughes returned to the patrol car and read Powell his *Miranda* rights. He asked Powell where the tools had come from and what Powell was doing with them at that time in the morning. Powell told Officer Hughes "he was coming from a friend's house at 7th and Gaines and he was walking to another friend's house at 7th and Fillmore," and that he had "walked past the fenced-in area that the trailer had been broken into." Powell did not tell Officer Hughes he had been at the address given to Officer Thomas earlier.

Powell was charged with third-degree burglary, second-degree theft, and possession of burglar's tools. At trial, Matthew Griffin, the maintenance supervisor at One Eighty, testified he did not know how many items were normally in the

trailer, but it generally contained many types of lawn equipment. Griffin stated he believed the missing items included "multiple weed eaters," "edge trimmers," "a backpack," and "some hedge trimmers too." He reviewed the facility's surveillance video, which captured the break-in of the trailer from three different camera angles. The black-and-white recordings showed a man in dark jeans and hoodie with a lighter shirt under the hoodie and lighter gloves. Another angle shows the person walking down the sidewalk toward the camera, carrying what appears to be two weed eaters over their shoulder. The person's face is not clearly visible.

Bryan Green, "lawn care, landscape, [and] snow removal supervisor" at One Eighty, testified he was familiar with the equipment taken during the incident. He testified the items taken were "two Stihl weed eaters, two hand-held blowers, a backpack blower and a Stihl edger." He testified the replacement value of the items was $1920 and fair market value would be about $300 less.

The defense's motions for judgment of acquittal and directed verdict were denied. The jury found Powell guilty of third-degree burglary, third-degree theft,[3] and possession of burglar's tools. The court denied Powell's motion for new trial asserting the verdicts were against the weight of the evidence. Powell appeals.

*Sufficiency of the evidence.*

> "We review the sufficiency of the evidence for correction of errors at law." We consider all evidence, not just the evidence supporting the conviction, and view the evidence in the light most favorable to the State, "including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence."
> In evaluating the sufficiency of the evidence, we consider whether "the finding of guilt is supported by substantial evidence in the record." Substantial evidence "means a person may not be

---

[3] A lesser-included of the charged offense of second-degree theft.

convicted based upon mere suspicion or conjecture."  "Substantial evidence exists when the evidence 'would convince a rational fact finder the defendant is guilty beyond a reasonable doubt.'"

*State v. Ernst*, 954 N.W.2d 50, 54 (Iowa 2021) (internal citations omitted).  We do not distinguish between direct and circumstantial evidence.  *Id.* at 57.

Powell argues this case is like *State v. Martinez*, a case in which this court found insufficient evidence to support burglary and theft convictions.  No. 17-1373, 2018 WL 3060270 (Iowa Ct. App. June 20, 2018).  *Martinez* is distinguishable.  There we held, "Because the only evidence placing Martinez at the scene was an identification by police officers from a surveillance video that did not show the burglars' faces or any other distinctive features, we find insufficient evidence to sustain his convictions."  *Id.* at *1.

Here we are not only presented with surveillance video showing a man wearing similar clothing to Powell's breaking into the trailer and removing items.  Before 6:00 a.m., Officer Thomas observed a man with a similar gait to the man in the surveillance video, wearing bright orange gloves, and carrying two distinctive weed eaters.  In both the surveillance video and the officer's body cam, only one person is visible on the street at the time.  The two weed eaters were located behind the house where Officer Thomas saw the man cut between two houses.  Officer Thomas then encountered Powell, who was wearing dark jeans, a hooded sweatshirt, a light colored shirt under the sweatshirt, and carrying bright orange gloves—all consistent with the person in the surveillance video.  Powell's story about where he had been did not pan out upon investigation.  *See State v. Cox*, 500 N.W.2d 23, 25 (Iowa 1993) ("A false story told by a defendant to explain or deny a material fact against him is by itself an indication of guilt.").  We conclude

a reasonable jury could find Powell was the perpetrator beyond a reasonable doubt.

*Motion for new trial.* "A district court should grant a motion for a new trial only in exceptional circumstances." *State v. Ary*, 877 N.W.2d 686, 705 (Iowa 2016). A district court may grant a motion for new trial based on the weight of the evidence "only if more evidence supports the alternative verdict as opposed to the verdict rendered." *Id.* at 706. We review the district court's ruling on a motion for new trial asserting the verdict is contrary to the weight of the evidence for an abuse of discretion. *Id.*

This is not an "extraordinary case in which the evidence preponderates heavily against the verdict rendered." *See id.* We cannot say the district court abused its discretion in denying Powell's motion for a new trial on the basis his conviction is against the weight of the evidence. We therefore affirm.

**AFFIRMED.**